## Case No. 15,674.

UNITED STATES v. McFARLAND et al.

[1 Cranch, C. C. 140.] [1]

Circuit Court, District of Columbia. Nov. Term, 1803.

RIOT—UNLAWFUL INTENT—WHEN FORMED.

To constitute a riot it is not necessary that the unlawful intention should have existed at the time of meeting; but if having met for a lawful purpose, the unlawful intent be afterwards formed and executed, it is sufficient; and the unlawful act is evidence of the unlawful intent.

Indictment for a riot.

Mr. Youngs, for the defendant, moved to instruct the jury that if they are satisfied that the defendants did not assemble together with the intention to do an unlawful act, but met together innocently, and that the present affray happened without a previous intention formed by the defendants to do a wrong, then they must find for the defendants, on the 1st count—and on the 2d find only those guilty who are proved to have committed the unlawful act. 1 Hawk. 294; Act Va. Rev. Code, 33, 39.

THE COURT instructed the jury that if they found that an injury was done by four persons to the person or property of another, accompanied with force, it is not necessary to prove that they should have met with an intention to commit such acts in order to constitute a riot, but that without having met with such previous intention, if such acts are committed, arising from an intention or agreement formed after their meeting, they amount to a riot, and the jury may judge of and infer their intention or agreement from the acts committed.

As to the 2d part of the prayer, THE COURT said that all who were aiding, assist-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ing or giving countenance, were equally guilty on the count for an assault and battery.

[See Case No. 15,675.]